No. 46,609

CARL JUHNKE, *Appellant,* v. HERBERT R. HESS, JR., *Appellee.*

(506 P. 2d 1142)

Opinion filed March 3, 1973.

*Lyle P. Baker,* of Sowers, Sowers, Carson and Johnston, of Wichita, argued the cause, and *James P. Johnston,* of the same firm, was with him on the brief for the appellant.

*Victor D. Goering,* of Hutchinson, argued the cause, and *Robert J. Gilliland* and *John F. Hayes,* both of Hutchinson, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an action against an attorney for damages for failure to file a timely appeal upon behalf of his client in a condemnation proceeding. At issue is the timeliness of the filing of the damage action against the attorney.

Plaintiff owned certain land adjacent to the Hutchinson municipal airport, which land became the subject of a condemnation proceeding in which air rights over plaintiff's land were taken by the city. It appears that the appraisers' report in the condemnation action was filed in district court on May 26, 1969, and thereafter no appeal from this award was taken on plaintiff's behalf within the authorized thirty-day period which expired June 26, 1969.

Plaintiff commenced this damage action against the defendant attorney on July 1, 1971. His petition contains these allegations:

"III

"The plaintiff states that he contracted for the legal services of the defendant to act as attorney on his behalf, and to file an appeal from the Court appointed Appraiser's Award in the beforementioned condemnation case; that

the defendant first notified the plaintiff on December 1, 1969, that he erred in not filing the appeal of the plaintiff within the 30 day time limit as provided by law.

"IV

"Plaintiff states that as a result of the defendant negligently failing to file an appeal within the time provided by law, that plaintiff was compelled to accept the award of the Court appointed Appraiser for the air rights condemned in the amount of $1,250.00, and that had his appeal been timely filed and properly presented he would have received an award in excess of $50,000.00.

"Wherefore, plaintiff prays for judgment over and against the defendant in the amount of $48,750.00, plus costs."

Defendant filed his motion to dismiss which alleged that the petition pled a cause of action sounding in tort; that the negligence complained of—the failure to file an appeal in the condemnation proceeding within thirty days from the date of the filing of the appraisers' report as provided by law—occurred June 26, 1969, and plaintiff's damage action was barred by the two year statute of limitations pursuant to K. S. A. 1972 Supp. 60-513.

The trial court sustained the motion to dismiss and this appeal ensued.

Plaintiff-appellant asserts the trial court erred in ordering dismissal for two reasons: (1) The two year statute of limitations for his claim for relief based on tort did not commence to run until December 1, 1969, when he first had notice of his tortious damage, as provided under the last unnumbered paragraph of K. S. A. 1972 Supp. 60-513; and (2) his petition also stated a claim for relief based on contract, for breach of which the three year statute of limitations provided by K. S. A. 60-512(1) would not have run at the time he commenced this action. We will consider the latter contention first.

At the outset we note that several states have specific statutes prescribing a period of limitation for various types of professional malpractice actions but Kansas is one among the vast majority which has not, with the result the matter is left for determination under statutes deemed by case law to be appropriate to the particular situation. We have no precise precedent of our own involving breach of duty by an attorney under the particular circumstances alleged here.

As indicated, K. S. A. 60-512(1) provides that actions upon contracts expressed or implied but not in writing shall be brought within three years.

Appellant contends he had an option to assert a claim for relief based either on tort or contract and he points to language in his petition referring to a contractual relation between him and appellee with respect to the appeal. Appellee, on the other hand, asserts appellant's claim is essentially one for malpractice and must be so limited and that this court has treated causes of action based on medical malpractice as sounding in tort to which the two year statute of limitations applies. Cases among many where this rule has been followed include *Travis v. Bishoff,* 143 Kan. 283, 54 P. 2d 955; *Becker v. Floersch,* 153 Kan. 374, 110 P. 2d 752; *Hill v. Hays,* 193 Kan. 453, 395 P. 2d 298, and *Hecht v. First National Bank & Trust Co.,* 208 Kan. 84, 490 P. 2d 649.

However, the rule has not been applied in all instances of that which may be termed medical malpractice. In *Noel v. Proud,* 189 Kan. 6, 367 P. 2d 61, the tort statute of limitations against a doctor of medicine had already expired when suit was brought by the patient. The petition alleged breach of express warranty by the doctor that surgery would not worsen the patient's condition. This court held that the three year statute of limitations for an oral contract was applicable to the cause of action stated, rejecting the contention that irrespective of any express warranties, the only cause of action predicated upon a physician-patient relationship must sound in tort. In reaching this conclusion the court recognized the existence of an implied warranty on behalf of the physician to use ordinary care and skill in dealing with his patient, well stated in *James v. Grigsby,* 114 Kan. 627, 220 Pac. 267, in the following:

". . . The relation between a physician or surgeon and his patient, implied in law, is that he possesses that reasonable degree of learning and skill ordinarily possessed by members of his profession and of his school of medicine in the community where he practices or similar communities, having due regard for the advance in medical or surgical science at the time, and that he will use such learning and skill in his treatment of the patient with ordinary care and diligence." (pp. 631-632.)

In *Price, Administrator v. Holmes,* 198 Kan. 100, 422 P. 2d 976, a layman scrivener of a will was sued for the faulty execution and attestation of his work. Defendant's motion for summary judgment was sustained on the ground, among others, that the statute of limitations barred plaintiff's cause of action. This court reversed, holding that plaintiff's petition alleged alternative causes of action, one in contract for breach of implied warranty, and a second in tort for negligent handling of the execution of the will. It was

further held the first cause of action was not barred by the three year statute of limitations applicable to an action for breach of implied warranty.

Courts in other jurisdictions which have considered the question are not in harmony as to which statute of limitations—contract or tort—governs a damage action against an attorney for neglect in the performance of his professional services. The majority appears to favor the contract approach and uniformly so where the contract breached is one to obtain a specific result or to assure the effect of legal services rendered (see anno. 49 ALR 2d 1216 and Later Case Service).

In *Mackey-Woodard, Inc. v. Citizens State Bank,* 197 Kan. 536, 419 P. 2d 847, this court iterated the rule that where doubt exists as to whether an action is based on implied contract or tort, words appropriate to a tort action will be disregarded and the petition will be treated as sounding in contract. Beyond this, in the case at bar we have something more pleaded than lack of ordinary care and diligence in the handling of a client's business.

Appellant alleged in his petition that he contracted for the services of appellee "to file an appeal from the Court appointed Appraiser's Award" and that appellee did not do so within the prescribed period. This pleaded breach of a specific contract—failure to do that which appellee expressly agreed to perform. It is true the petition also described such default as having negligently occurred but use of the term "negligently" does not necessarily serve to translate the action into one sounding in tort. We do not think the medical malpractice cases first cited herein compel any particular conclusion here. In those cases it was emphasized that the patient had suffered personal or bodily injury as a result of treatment received, which is not the situation here, nor is appellant seeking redress for injury to tangible property. The real basis of his claim for relief is financial loss resulting from failure to discharge a contractural obligation (proof of which contract, breach and loss is another matter). Consequently we hold that the claim for relief alleged in appellant's petition is one founded on unwritten contract to be governed by the three year statute of limitations provided in K. S. A. 60-512 (1).

The alleged breach of contract occurred June 26, 1969. Appellant's action was commenced within three years thereafter. Hence,

the trial court erred in summary dismissal and that judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

APPROVED BY THE COURT