(571 P.2d 62)
No. 48,756

MARIAN RUTH AUSHERMAN CHAVEZ, Executrix of the Estate of William S. Ausherman, Deceased, *Appellant,* v. HARRY SAUMS and LEE K. STUMP, *Appellees.*

Petition for review denied November 15, 1977.

Opinion filed August 12, 1977.

*Fred W. Phelps, Chartered,* of Topeka, for the appellant.

*Russell E. Grant,* of Mulvane, *Fred D. Swoyer* and *Douglas G. Simms,* of Belleville, for the appellees.

Before SPENCER, P.J., PARKS and SWINEHART, JJ.

PARKS, J.: Marian Ruth Ausherman Chavez (executrix) moved this court to be substituted as plaintiff after the death of her father, William S. Ausherman, on April 24, 1977. This court so ordered on June 21, 1977. For clarity, we will continue to refer to William Ausherman as plaintiff.

Plaintiff appeals from the trial court's order granting summary judgment in favor of defendants Stump and Saums.

Plaintiff William Ausherman first employed attorney Harry Saums to represent him in 1961. Thereafter, on June 15, 1967, Ausherman, with the legal advice of Saums, entered into an agreement to sell certain stock to Lee Stump for $35,000. After the

agreement was executed, Ausherman became disenchanted with the contract and on April 24, 1973, he refused to honor the stock purchase. He and his new attorney (who had replaced Saums as Ausherman's legal counsel) refunded the $35,000 purchase price to Stump. Stump, however, decided to enforce the contract and Saums, as his attorney, returned the refund check to Ausherman's attorney.

On May 7, 1973, Saums on behalf of Stump filed an action in the Republic County district court, naming Ausherman as defendant. A memorandum decision in favor of Stump was rendered on August 20, 1974.

Ausherman filed suit against both attorney Saums and Stump in the Sedgwick County district court on March 22, 1976. He alleged that (1) Saums had violated his fiduciary and contractual relationships with Ausherman by filing the Republic County lawsuit as Stump's counsel, and (2) Stump had tortiously interfered with the Ausherman-Saums contractual relationship.

After examining the file, pleadings, and a certified copy of the transcript made in the Republic County case, the trial court held that the action against defendant Stump was a tortious claim and was barred by the statute of limitations, K.S.A. 60-513(*a*) (4). We agree.

A tort action shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury. Such an action must be brought within two (2) years. (K.S.A. 60-513.)

In general, a cause of action accrues, so as to start the running of the statute of limitations, as soon as the right to maintain a legal action arises, the true test being at what point in time the plaintiff could first have filed and prosecuted his action to a successful conclusion. (*Johnston v. Farmers Alliance Mutual Ins. Co.,* 218 Kan. 543, 548, 545 P.2d 312; *Yeager v. National Cooperative Refinery Ass'n,* 205 Kan. 504, 470 P.2d 797.)

In Ausherman's answer filed in the Republic County district court (Case No. 12,580), he stated that he and his then attorney presented a check to Stump on April 24, 1973. By his own statements Ausherman implied that substantial injury occurred when Saums returned the check on behalf of Stump. Any cause of action which plaintiff had against Stump could have been brought after that date.

This case is virtually controlled by *Malone v. University of Kansas Medical Center*, 220 Kan. 371, 552 P.2d 885, not cited by the parties. In that case, the court said:

"A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement. A tort, on the other hand, is a violation of a duty imposed by law, a wrong independent of contract. Torts can, of course, be committed by parties to a contract. The question to be determined here is whether the actions or omissions complained of constitute a violation of duties imposed by law, or of duties arising by virtue of the alleged express agreement between the parties." (p. 374.)

Where, as here, the controlling facts are based upon written or documentary evidence by way of pleadings, admissions, depositions and stipulations, the trial court has no peculiar opportunity to evaluate the credibility of witnesses. In such a situation, this court on appellate review has as good an opportunity to examine and consider the evidence as did the court below, and to determine de novo what the facts establish. *(American States Ins. Co. v. Hartford Accident & Indemnity Co.,* 218 Kan. 563, 572, 545 P.2d 399; *Koch, Administratrix v. Prudential Ins. Co.,* 205 Kan. 561, 470 P.2d 756; *In re Estate of Bernatzki,* 204 Kan. 131, 460 P.2d 527.)

Accordingly, we disagree with the trial court's ruling that the two-year statute of limitations does not apply to Saums. Where a contractual relationship exists between persons and, at the same time, a duty is imposed by or arises out of the circumstances surrounding or attending the transaction, the breach of the duty is a tort. *(Malone v. University of Kansas Medical Center,* supra; *Yeager,* supra; 74 Am.Jur.2d, Torts § 23, p. 641.)

When an act complained of is a breach of specific terms of the contract, without any reference to the legal duties imposed by law upon the relationship created thereby, the action is in contract (see *Price, Administrator v. Holmes,* 198 Kan. 100, 422 P.2d 976, and *Juhnke v. Hess,* 211 Kan. 438, 506 P.2d 1142), *but where as here the gravamen of the action is a breach of the legal duty and not of the contract itself, the action is in tort.*

From our examination of the record, we are satisfied that plaintiff's alleged cause of action against defendant Saums must be interpreted as founded in tort. Applying the *Yeager* test, the cause of action against Saums accrued on or before May 7, 1973.

We conclude that plaintiff's action against both Stump and Saums is barred by the statute of limitations. Not having brought

his action until more than two years from the time of the torts, his remedies were barred by K.S.A. 60-513(*a*) (4). Accordingly, we find it unnecessary to consider other points of error raised by the plaintiff.

The trial court's ruling that the defense of the two-year statute of limitations does not apply to Saums, was erroneous. However, if the trial court renders a correct judgment under the facts and the law, the judgment will not be disturbed merely because wrong reasons are given for its rendition. *(Boldridge v. Estate of Keimig,* 222 Kan. 280, 564 P.2d 497; *Wallace v. Magie,* 214 Kan. 481, 522 P.2d 989.)

The judgment is affirmed.