No. 51,945

BERNARD J. BRUECK, *et al., Plaintiffs-Appellants,* and KANSAS SAVINGS AND LOAN ASSOCIATION, *Plaintiff-Appellant,* and JAMES and MARGARET CURRENS, *et al., Intervening Plaintiffs,* v. T. R. KRINGS, *et al., Defendants,* and PEAT, MARWICK, MITCHELL & CO., *Defendant-Appellee.*

(638 P 2d 904)

Opinion filed January 15, 1982.

*Thomas E. Ruzicka* and *Randolph G. Willis,* of Gardner, Davis, Kreamer, Norton, Hubbard & Ruzicka, of Olathe, argued the cause and were on the brief for the appellants.

*George E. Feldmiller,* of Stinson, Mag & Fizzell, of Kansas City, Missouri, argued the cause and *Charles W. German,* of the same firm, and *Edward M. Boddington, Jr.,* and *Kenneth Holm,* of Boddington & Brown, of Kansas City, Kansas, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This appeal was taken from an order of the Johnson District Court sustaining a motion of defendant Peat, Marwick, Mitchell & Co. to dismiss, and directing the entry of a final judgment in its favor. In the Court of Appeals, Peat, Marwick moved to dismiss the appeal; the Court of Appeals granted the motion; and we granted a timely petition for review. Many of the background facts are set forth in the opinion of the Court of Appeals, *Brueck v. Krings,* 6 Kan. App. 2d 622, 631 P.2d 1233 (1981), and need not be fully repeated here.

We turn first to Peat, Marwick's motion to dismiss the appeal. While the Court of Appeals' determination of that matter is backed by substantial authority, we disagree with the court's conclusion. The caption of the notice of appeal designates certain individuals—and others not named—as plaintiffs. The first

amended unified petition, filed many months before appeal was taken, names and designates some twenty-four individuals and Century Savings Association—formerly Kansas Savings and Loan Association—as plaintiffs. The body of the notice of appeal states that "the plaintiff class" and plaintiff Kansas Savings and Loan Association appeal. It is undisputed that no class had been certified *as to the claims against Peat, Marwick.* A class, however, consisting of certain depositors in Kansas Savings and Loan Association, had previously been certified for other purposes, and the named individual plaintiffs are all members of that class.

Notice of appeal is governed by K.S.A. 60-2103, which section provides in part:

"(*b*) The notice of appeal shall specify the parties taking the appeal   .   .   .   ."

That section must be read in the light of K.S.A. 60-102, which provides:

"The provisions of this act shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding."

The latter section was intended to be applied to the entire code of civil procedure, including K.S.A. 60-2103. *Alliance Mutual Casualty Co. v. Boston Insurance Co.,* 196 Kan. 323, 327, 411 P.2d 616 (1966); *Benson v. City of De Soto,* 212 Kan. 415, 422, 510 P.2d 1281 (1973). It has been held in many cases, including three cited in the Court of Appeals' opinion, *Pharo v. Smith,* 621 F.2d 656 (5th Cir. 1980); *Shirley v. Chestnut,* 603 F.2d 805 (10th Cir. 1979); and *Roberts v. American Airlines, Inc.,* 526 F.2d 757, 762 (7th Cir. 1975), *cert. denied* 425 U.S. 951 (1976), that in an appeal from a decision on the merits in a class action, without a prior class determination, the reviewing court will treat the appeal as one by the named plaintiffs only. Viewing the notice of appeal in this light, and under the peculiar circumstances of this case, we think the notice of appeal must be read and considered as an appeal by the named plaintiffs. This construction comports with the obvious intention of the named plaintiffs to appeal the district court's judgment. Further, defendant Peat, Marwick is not prejudiced by this construction which limits the number of appellants to those plaintiffs whose names are known to the parties, and eliminates as appellants the hundreds of other possible members of the proposed plaintiff class. We hold that the notice was sufficient to confer jurisdiction upon the appellate courts, and we

conclude that the appeal should not be dismissed. This determination makes academic the question of whether one plaintiff, Century Savings (Kansas Savings and Loan), authorized the taking of appeal on its behalf.

We look next to the merits of the appeal. Many separate issues have been raised and amply briefed by industrious counsel, but as we view the case the determinative issue is whether all claims against Peat, Marwick are barred by the applicable statute of limitations, as the trial court concluded. Consideration of this issue necessitates a further statement of the facts.

Kansas Savings first engaged Peat, Marwick to perform an audit of Kansas Savings' books for the fiscal year ending June 30, 1971. That engagement was the result of a letter dated May 11, 1971, written by one of the Peat, Marwick partners to Kansas Savings, spelling out the details of the proposed audit; the proposal was accepted in writing by Kansas Savings. The 1971 audit, therefore, was based upon written contract. Two subsequent audits were performed under oral agreements for the fiscal years 1972 and 1973; the last of these was completed and the final audit report was delivered on March 1, 1974. Peat, Marwick commenced work on an audit for the year 1974, but encountered various problems. Peat, Marwick wrote to the State Savings and Loan Commissioner on May 5, 1975, advising him that in the process of conducting the present audit, it found that the delinquency status of Kansas Savings' loan portfolio had deteriorated and that the "magnitude of the . . . loan delinquencies indicates that the operations and financial condition of the Association could be seriously impaired." By letter of September 4, 1975, Peat, Marwick advised the Commissioner that it had been terminated on August 14, 1975, as the auditor for Kansas Savings, and that the Commissioner would not receive an audit report from Peat, Marwick.

This action was commenced by the filing of a petition by Bernard J. Brueck, and others, on August 2, 1977; Peat, Marwick, however, was not designated as a defendant at that time. It was not made a defendant herein until the filing of plaintiffs' first amended unified petition on February 16, 1979. It was served with summons seven days later. Therefore, insofar as Peat, Marwick is concerned, this action was commenced on February 16, 1979. See K.S.A. 60-203. Counts 5 through 9 of the first amended

unified petition state the claims which plaintiffs assert against Peat, Marwick. Greatly summarized, plaintiffs contend in these five counts that they suffered losses of all or part of their deposits in Kansas Savings and Loan, and that their losses, injuries and damages resulted from or were caused or increased by the failure of Peat, Marwick to perform an audit of the association's books as required by the Kansas savings and loan code and by generally accepted accounting principles; by making statements in the audit reports which were untrue or incomplete and misleading, in violation of the Kansas securities act; by breaching implied and express warranties in failing to conduct the audit according to generally accepted accounting principles; and by conducting the audits in a negligent, reckless or grossly negligent manner.

The audits were, of course, performed under contract, the first under a written contract and the second and third under oral agreements, and plaintiffs would characterize the claims as those for breach of contract. The trial judge determined that the claims all sounded in tort, and were thus governed by the shorter statute of limitations applicable to tort actions. The test for determining whether a claim sounds in tort or in contract was set forth in our opinion in *Malone v. University of Kansas Medical Center*, 220 Kan. 371, 375-76, 552 P.2d 885 (1976), where we said:

"The Washington Supreme Court formulated a test to be used in determining whether a pleading sets up a case in contract or in tort. In *Yeager v. Dunnavan*, 26 Wn. 2d 559, 174 P.2d 755, it said:

'. . . When an act complained of is a breach of specific terms of the contract, without any reference to the legal duties imposed by law upon the relationship created thereby, the action is in contract, *but where there is a contract for services which places the parties in such a relation to each other that, in attempting to perform the promised service, a duty imposed by law as a result of the contractual relationship between the parties is violated through an act which incidentally prevents the performance of the contract, then the gravamen of the action is a breach of the legal duty, and not of the contract itself. . . .*' (p. 562.)

. . . .

". . . The general rule is that a plaintiff will not be permitted to characterize a tort action as one in contract in order to avoid the bar of the statute of limitations . . . ." (Emphasis in original.)

In the case now before us, plaintiffs do not claim that Peat, Marwick failed to perform its contract; the audits for the years 1971, 1972 and 1973 were performed, completed and delivered. The wrongs alleged by the plaintiffs were that Peat, Marwick failed to perform those audits in accordance with the duties

imposed on it, not by the specific terms of the contracts, but by the Kansas savings and loan code, the Kansas securities law, and the professional standards of the accounting profession. The claimed breach of implied and express warranties and the claimed negligence arose not from duties imposed and promised by contract, but imposed by law. In short, plaintiffs claim that Peat, Marwick failed to exercise that reasonable care which the law requires.

K.S.A. 60-513 is the statute of limitations applicable to tort actions; the period prescribed is two years, except as provided in subsection (*b*):

"[T]he cause of action in this action . . . shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party . . . ."

The action against Peat, Marwick was commenced, as we have noted, on February 16, 1979. Since all acts or omissions by Peat, Marwick occurred more than two years prior to that date, the question then arises: Was the fact of injury reasonably ascertainable more than two years prior to that date? The association's doors were not closed until August 1, 1977, within the two-year period, and plaintiffs contend that injury was not reasonably ascertainable until that time. However, the association was placed under the jurisdiction of a trustee, W. Craig Hutton, on January 31, 1977, more than two years before the action was commenced. Further, the trial court found:

"[T]hat at the time the Kansas Savings & Loan Association showed signs of faltering or having financial difficulty, considerable press was given the subject *as early as the first part of January, 1976.*" (Emphasis added.)

During the last six months of 1976, depositors withdrew over 5.5 million dollars from the association; this was reflected in its published statements. We note also that no audit report was filed with the Savings and Loan Commissioner and certainly none was available for inspection by the Association, the public, or the depositors, for the fiscal years 1974 or 1975, until the delivery of the Franke report on January 16, 1976. The Franke firm declined to express an opinion as to the financial condition of the Association.

The critical information to trigger the running of the statute of

limitations is knowledge of *the fact of injury,* not the extent of injury. *Friends University v. W. R. Grace & Co.,* 227 Kan. 559, 608 P.2d 936 (1980). The trial court found that the fact of injury was reasonably ascertainable more than two years before the action against Peat, Marwick was commenced, and thus the statute of limitations had run. We agree. Clearly, all claims against Peat, Marwick are tort claims; the two-year statute applies; and the exhaustive record demonstrates without question that plaintiffs reasonably could have ascertained injury considerably more than two years before they commenced the action against Peat, Marwick.

Other issues need not be determined in view of our holding that the action is barred by the statute of limitations.

The opinion of the Court of Appeals dismissing the appeal is reversed. The judgment of the district court is affirmed.