No. 54,741

TAMARAC DEVELOPMENT COMPANY, INC., *Appellant,* v. DELAMATER, FREUND & ASSOCIATES, P.A., *Appellee.*

(675 P.2d 361)

Opinion filed January 13, 1984.

*James L. Burgess,* of Fleeson, Gooing, Coulson & Kitch, of Wichita, argued the cause and *Thomas D. Kitch,* of the same firm, was with him on the brief for the appellant.

*Jeff A. Roth,* of Hershberger, Patterson, Jones & Roth, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: The appellant, Tamarac Development Co., appealed from an order granting summary judgment in favor of the appellee, Delamater, Freund & Associates. The trial court determined as a matter of law that Tamarac's cause of action was one in tort rather than contract and thus barred by the two-year statute of limitations. The Court of Appeals in a per curiam decision affirmed the trial court. We granted review.

Appellant is a developer of residential subdivisions. Appellee is an engineering and architectural firm. In 1976 and 1977, the parties entered into various contracts whereby appellee was to provide engineering and architectural services for the development of a mobile home park. There is no allegation that any of the *written* contracts were breached. Appellant alleges appellee

breached an *oral* contract to supervise the grading construction and to check the grades on completion to insure their accuracy. After payment to the grading contractor, it was discovered too much dirt had been removed, creating drainage problems. Appellant was forced to expend a considerable sum of money to bring the park to grade as a result.

Appellant originally alleged negligence, but later amended its petition alleging breach of contract. There is no dispute that if the action is one for negligence it is barred by the two-year statute of limitations of K.S.A. 60-513. Conversely, if the action is one for breach of contract, it is not barred by the three-year limitation of K.S.A. 60-512.

The only point on appeal is whether the district court erred in holding appellants did not have a cause of action in contract. The issue of whether a cause of action sounds in contract or tort, or both, has been before this court numerous times. These cases, however, when applied to the instant case are inconsistent. The inconsistencies in this area of law have been confirmed by Professor Prosser when he stated:

"Frequently, where either tort or contract will lie and inconsistent rules of law apply to the two actions, the question arises whether the plaintiff may elect freely which he will bring, or whether the court must itself decide that on the facts pleaded and proved the 'gist' or 'gravamen' of his cause of action is one or the other. As to this the decisions are in considerable confusion, and it is difficult to generalize.

"Where the particular point at issue is one of adjective law only, affecting the suit or its procedure, but not the merits of the cause of action, the courts have tended to be quite liberal in giving the plaintiff his freedom of choice, and have upheld his action of tort or contract as he has seen fit to bring it. Likewise where the point is one affecting substantive rights, but the claim is one for damages to property or to pecuniary interests only, the tendency has been, with some occasional dissent, to allow the election. But when the claim is one for personal injury, the decision usually has been that the gravamen of the action is the misconduct and the damage, and that it is essentially one of tort, which the plaintiff cannot alter by his pleading. This had the odd result that the negligence of an attorney will survive the death of his client, while that of a physician is oft interred with his patient's bones. Actually the courts appear to have preserved a great deal of flexibility, and to have been influenced in their decisions by their attitude toward the rule of law in question." Prosser, The Law of Torts § 92, pp. 621-22 (4th ed. 1971).

We have consistently held: "The difference between a tort and contract action is that a breach of contract is a failure of performance of a duty arising or imposed by agreement; whereas, a tort is

a violation of a duty imposed by law." *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, Syl. ¶ 5, 666 P.2d 192 (1983). See also *Guarantee Abstract & Title Co. v. Interstate Fire & Cas. Co.*, 232 Kan. 76, 79, 652 P.2d 665 (1982).

The problem with this test, however, is in some cases, such as this, both standards apply. The appellant argues there was an oral agreement between the parties that appellees would insure the grading to be accurate. This promise could be construed to be either a contract for a specific result—accurate grading—or an implied warranty to inspect and supervise in a workmanlike manner. Both are contract actions. The appellee argues the inspection called for was merely performed negligently, which is a violation of a duty to use reasonable care imposed in common law upon professionals. Appellee's argument, therefore, is that this is an architect malpractice action and malpractice actions lie only in tort.

Case law in Kansas supports both arguments. Appellee argues the cases which hold a breach of a legal duty by a professional is a tort action are controlling. See *Brueck v. Krings*, 230 Kan. 466, 638 P.2d 904 (1982); *Malone v. University of Kansas Medical Center*, 220 Kan. 371, 552 P.2d 885 (1976); *Chavez, Executrix v. Saums*, 1 Kan. App. 2d 564, 571 P.2d 62, *rev. denied* 225 Kan. 843 (1977).

Appellee's citations are distinguishable, however. In each of the cases, the court cited an actual legal duty owed by the professional to the client. In *Malone*, a case dealing with a doctor's negligent treatment of a patient, the court held: "Certain duties and obligations are imposed upon physicians ánd hospitals by law. Breach of such duty by a physician is malpractice, and an action for damages for malpractice is one in tort, even though there was a contract, express or implied, for employment." 220 Kan. at 274-75. See also PIK Civ. 2d 15.01. *Brueck* involved an accounting firm which had performed an audit. In holding the action was in tort this court stated:

"In the case now before us, plaintiffs do not claim that Peat, Marwick failed to perform its contract; the audits for the years 1971, 1972 and 1973 were performed, completed and delivered. The wrongs alleged by the plaintiffs were that Peat, Marwick failed to perform those audits in accordance with the duties imposed on it, not by the specific terms of the contracts, but by the Kansas savings and loan code, the Kansas securities law, and the professional standards of the accounting profession." 230 Kan. at 469-70.

In the instant case, while an architect's license may be taken away for "gross negligence, incompetency, or misconduct" in the practice of the profession (K.S.A. 74-7026), there is not a specific statute, as in *Brueck*, establishing a duty owed by an architect. Since there is not a breach of a legal duty, as in *Malone*, the action in this case is open to construction.

Though professionals are liable for malpractice for breach of a legal duty, that does not preclude them from contracting to perform a duty higher than the one imposed by law. Such was the holding in *Noel v. Proud*, 189 Kan. 6, 367 P.2d 61 (1961). *Noel* was explained by this court in a later case:

"[T]he tort statute of limitations against a doctor of medicine had already expired when suit was brought by the patient. The petition alleged breach of express warranty by the doctor that surgery would not worsen the patient's condition. This court held that the three year statute of limitations for an oral contract was applicable to the cause of action stated, rejecting the contention that irrespective of any express warranties, the only cause of action predicated upon a physician-patient relationship must sound in tort." *Juhnke v. Hess*, 211 Kan. 438, 440, 506 P.2d 1142 (1973).

There is dicta in *Malone* which also supports the proposition a professional may contract for a specific result.

"Physicians, as well as hospitals, may enter into express contracts by which they bind themselves to warrant the success of treatment, or to otherwise obligate themselves above and beyond their ordinary duties. Such contracts may form the basis for breach of contract actions." 220 Kan. at 374.

Thus, according to *Malone* and *Proud*, if the architectural firm in this case contracted to provide a specific result, rather than just contracting to plan and inspect the grading work in general, the action could be on the contract rather than in tort.

On the other hand, in an action against a general building contractor for improper construction of a home, we held the suit could be either in tort or contract or both. In *Ware v. Christen-berry*, 7 Kan. App. 2d 1, 5, 637 P.2d 452 (1981), Justice Holmes wrote for the Court of Appeals, "it now appears settled that in Kansas a person suffering damage from breach of an implied warranty may proceed upon either a contract or tort theory, or both, in initially framing his cause of action."

In the instant case the appellant argues that in addition to the oral contract there was an implied warranty of workmanlike performance. The existence of such warranty was recognized by

this court in *Gilley v. Farmer*, 207 Kan. 536, 542, 485 P.2d 1284 (1971), where the court stated:

"[T]his court has been consistent in holding that where a person contracts to perform work or to render a service, without express warranty, the law will imply an undertaking or contract on his part to do the job in a workmanlike manner and to exercise reasonable care in doing the work. [Citation omitted.]

"Where negligence on the part of the contractor results in a breach of the implied warranty, the breach may be tortious in origin, but it also gives rise to a cause of action *ex contractu*. An action in tort may likewise be available to the contractee and he may proceed against the contractor either in tort or in contract; or he may proceed on both theories."

See also *Crabb v. Swindler, Administratrix*, 184 Kan. 501, 337 P.2d 986 (1959) (breach of an implied warranty to do plumbing in a workmanlike manner may be contract or tort action); and *Scantlin v. Superior Homes, Inc.*, 6 Kan. App. 2d 144, 627 P.2d 825 (1981) (house contractor has implied contract to build in a workmanlike manner). The appellant argues this warranty was breached by the architect's failure to insure the grading was made to the elevations called for in the blueprints. Based on our decision in *Malone v. University of Kansas Medical Center*, 220 Kan. 371, it can be said certain professionals, such as doctors and lawyers, are not subject to such an implied warranty. However, an architect and an engineer stand in much different posture as to insuring a given result than does a doctor or lawyer. The work performed by architects and engineers is an exact science; that performed by doctors and lawyers is not. A person who contracts with an architect or engineer for a building of a certain size and elevation has a right to expect an exact result. See, *Hanna v. Huer, Johns, Neel, Rivers & Webb*, 233 Kan. 206, 662 P.2d 243 (1983). The duty of the architect is so strong and inherent in the task, we hold it gives rise to an implied warranty of workmanlike performance. An injured party under these circumstances may choose his remedy from express contract (if applicable), implied warranty or negligence.

We find the trial court erred in granting summary judgment on the ground this case is a tort action only and the statute of limitations had passed. Summary judgment is warranted only when it is conclusively established there remain no issues of material fact. *Nordstrom v. Miller*, 227 Kan. 59, 605 P.2d 545 (1980).

The record shows representatives from both parties stated the oral contract called for a specific result.

The testimony of the witnesses supports not only an oral contract for a specific result but also breach of an implied warranty. The granting of summary judgment was premature, since there remains an unresolved issue of fact.

We reverse the judgment of the trial court and the Court of Appeals and remand this case for trial consistent with this opinion.