**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SOCOPHI S.P.R.L., a Zaire limited
partnership; CHRISTAKIS PHITIDIS,

Plaintiffs-Appellants,

v.

AIRPORT SYSTEMS
INTERNATIONAL, INC., a Kansas
corporation,

Defendant-Appellee.

Nos. 01-3160 & 01-3161
(D.C. No. 00-CV-2148-CM
& 00-CV-2186-CM)
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **MURPHY** , **McKAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs SOCOPHI S.P.R.L. (SOCOPHI) and Christakis Phitidis, SOCOPHI's general manager, appeal from an order of the district court that dismissed their suits against defendant Airport Systems International, Incorporated (ASII) under Fed. R. Civ. P. 12(b)(6). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm, albeit for different reasons than those given by the district court.

SOCOPHI is a company that was doing business in Zaire. In August 1993, it entered into a contract for $241,000 with ASII, a Kansas corporation, for the manufacture and installation of navigation equipment for the airport in Kinshasha. In February 1994, the parties entered into a supplemental agreement setting out terms for payment. That agreement called for SOCOPHI to make payments to ASII of 60% of the total price on or before February 28, 1994; of an additional 20% on or before May 10, 1994; and of the remaining 20% on or before one month prior to delivery of the equipment. Delivery was supposed to be within 200 days from receipt of the 60% payment, and the delivery date was supposed to be set after SOCOPHI made the "31-March-1994 payment." Appellants' App. at 6. There is no obvious explanation for the reference to a March payment, since the schedule called for payments in February, May, and later, but we find it unnecessary to resolve this discrepancy. In any case, the terms of the agreement show that the parties contemplated that the contract would be completed in 1994.

SOCOPHI paid ASII $140,000 in March 1994. The payment was a little bit late and a little bit short of 60%, but ASII did not object. SOCOPHI never made the payment due by May 10, 1994. Under the parties' contract, ASII was required to wait thirty days before demanding payment. Accordingly, on June 10, 1994, ASII wrote plaintiffs demanding payment within ten days and advising them that under their agreement, failure to cure the deficiency "shall be grounds for forfeiture by SOCOPHI of all payments previously made to ASII."  Id. at 7. SOCOPHI never made another payment. Plaintiffs wrote ASII on June 22, 1994, requesting an extension of time to pay due to economic upheaval in Zaire that followed the genocide in neighboring Rwanda. ASII did not respond in writing. There were some phone calls between the parties, but SOCOPHI has alleged nothing about the content of those conversations.

SOCOPHI wrote ASII again in April 1997, asking whether its equipment had been manufactured and what ASII's position was regarding SOCOPHI's $140,000 payment. ASII responded on April 14, 1997, informing SOCOPHI that the equipment manufactured for SOCOPHI in 1994 had been reallocated, and that it considered SOCOPHI's $140,000 payment to have been forfeited and the matter closed. Id. at 10. On April 7, 2000, SOCOPHI and Mr. Phitidis filed separate state and federal suits against ASII, alleging identical claims for unjust enrichment and restitution due to ASII's retention of SOCOPHI's $140,000

payment on the uncompleted contract. The suits were consolidated in federal court.

The district court applied Kansas law to these diversity suits. On defendant's motion to dismiss under Rule 12(b)(6), the court held that plaintiffs' claims for restitution or unjust enrichment were untimely filed in light of the applicable three-year statute of limitations, because the claims accrued on June 20, 1994, the last day plaintiffs had to cure their deficiency in light of defendant's demand letter. Plaintiffs appeal, arguing that ASII's June 10, 1994 letter was not a clear, unambiguous, and unequivocal statement cancelling the parties' contract upon SOCOPHI's failure to make the May payment by June 20, 1994. Plaintiffs contend that their claims did not accrue until April 14, 1997, when ASII notified them in writing that it was retaining SOCOPHI's $140,000 payment.

We review a dismissal under Fed. R. Civ. P. 12(b)(6) de novo. Vanover v. Cook, 260 F.3d 1182, 1186 (10th Cir. 2001). We find it unnecessary to determine whether defendant's June 10, 1994 letter was sufficient notice to cancel the parties' contract on June 20, 1994. The facts plaintiffs allege, taken as a whole, show that their claims for restitution or unjust enrichment accrued, and the applicable three-year statute of limitations expired, long before they filed suit in April 2000. "This court may base its decision on any grounds for which there is a

-4-

record sufficient to permit conclusions of law, even grounds not relied upon by the court below." Hensel v. Office of Chief Admin. Hearing Officer, 38 F.3d 505, 508 (10th Cir. 1994) (quotation omitted).

Under Kansas law, a statute of limitations begins to run when a claim accrues. Pancake House, Inc. v. Redmond ex rel. Redmond, 716 P.2d 575, 579 (Kan. 1986). A claim accrues when the elements are present and the plaintiff could maintain a successful suit. Id. The elements of unjust enrichment are: (1) plaintiff conferred a benefit on defendant; (2) defendant knew it received a benefit; and (3) defendant retained the benefit under circumstances that make it unjust. Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd., 910 P.2d 839, 847 (Kan. 1996).

Plaintiffs allege that SOCOPHI paid ASII $140,000 in 1994, that SOCOPHI failed to make additional payments required by the parties' contract in 1994, that SOCOPHI received a demand for payment with a warning of forfeiture from ASII in 1994, that SOCOPHI did not receive an extension of time to cure the deficiency in 1994, that SOCOPHI believed that ASII never manufactured any equipment in 1994 or resold the equipment it manufactured for SOCOPHI, and that SOCOPHI never received anything for its money in 1994 or afterwards. Plaintiffs do not allege any facts that would support a reasonable belief that until ASII notified them to the contrary in April 1997, ASII was using SOCOPHI's

$140,000 payment to manufacture equipment that ASII would eventually deliver. All of the elements of plaintiffs' claims for restitution or unjust enrichment were established in 1994 and the three-year statute of limitations began to run, at the latest, sometime in 1994. Thus, plaintiffs' suits, filed on April 7, 2000, were filed too late.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge