Quentin STILES, etc., Plaintiff,

v.

PORTER PAINT COMPANY, Defendant.

No. CIV–2–75–152.

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 29, June 17, 1976.

E. Ronand Chesnut and Jimmy Gray Cutshaw, Cutshaw, Weems & Chesnut, Greeneville, Tenn., for plaintiff.

S. Morris Hadden, Hunter, Smith, Davis, Norris, Treadway & Hadden and William C. Bovender, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity action to recover money for damage to property arising out of the sale by the defendant to the plaintiff of certain allegedly defective roofing coating materials, 28 U.S.C. § 1332(a)(1), (c), under the theories of tortious misrepresentation, breach of warranty, and negligence. The defendant moved for a dismissal for the failure of the plaintiff to state a claim on which relief can be granted and on the ground that an indispensable party was not joined as a defendant. Rule 12(b)(6), (7), Federal Rules of Civil Procedure.

The defendant contended, and the plaintiff conceded, that the latter's claims under such theories of tortious misrepresentation and negligence are barred by T.C.A. § 28–305. As to those claims of the plaintiff only, therefore, such motion hereby is GRANTED and the plaintiff's claim under each of those theories hereby is DISMISSED.

* " * * * An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. * * * " A cause of action accrues when the

The defendant contended further that the plaintiff's claim under the theory of breach of warranty is barred by the limitation of T.C.A. § 47–2–725.* Such statute controls where property damages are sought. *Layman v. Keller Ladders, Inc.* (1970), 224 Tenn. 396, 455 S.W.2d 594, 596[3].

The plaintiff claims on the face of his complaint that certain deliveries of the roofing materials involved were tendered by the defendant less than four years before the commencement of this action. " * * * [T]he bar of the statute of limitations must clearly appear from the face of the complaint, and if any issues of fact are involved, the motion will be denied. * * " 51 Am.Jur.2d 925–926, Limitation of Actions, § 468. Under the state of this record at this time, accordingly, this Court hereby DENIES the motion of the defendant on this ground.

The final contention of the defendant is that Daubert Chemical Company (Daubert) actually manufactured and shipped the materials involved to its plaintiff, and that in the absence complete relief cannot be accorded herein. Rules 19(a), 12(b)(7), Federal Rules of Civil Procedure. This contention is without merit.

The plaintiff makes no claim that Daubert breached any warranty to him. Even if Daubert's interest was such that it might be jointly or alternatively liable with the defendant to the plaintiff, this would not render Daubert an indispensable party. *Taormina Corporation v. Escobedo*, C.A. 5th (1958), 254 F.2d 171, 174[5], certiorari denied (1958), 358 U.S. 827, 79 S.Ct. 44, 3 L.Ed.2d 66; *Kerr v. Compagnie De Ultramar*, C.A.2d (1958), 250 F.2d 860, 863[2]. The motion of the defendant for a dismissal on the ground accordingly hereby is

DENIED.

breach occurs * * *. A breach of warranty occurs when tender of delivery is made. * * " T.C.A. § 47–2–725.

## MEMORANDUM OPINION AND ORDER

This is a diversity action in which the jurisdictional amount is present to recover money for damage to property arising out of the sale by the defendant Porter Paint Company (Porter) to the plaintiff Mr. Stiles of certain allegedly defective roofing coating materials. 28 U.S.C. §§ 1332(a)(1), (c). The plaintiff relies on the theory of breach of express and implied warranties as the basis of Porter's liability * to him.

 As a proposed third-party plaintiff, the defendant Porter seeks leave of the Court to implead Daubert Chemical Company (Daubert) as a third-party defendant herein. Rule 14(a), Federal Rules of Civil Procedure. The requested leave should be granted only if Daubert " * * * is or may be liable * * * " to Porter " * * * for all or part of the plaintiff's claim against * * * " it. *Idem.*

The proposed third-party complaint avers only that the roofing coating materials sold to Mr. Stiles by Porter were manufactured, placed in containers and shipped by Porter to Daubert. On some undisclosed legal theory, Porter contends that these alleged facts give it a substantive right to indemnity from Daubert for any amount Mr. Stiles may recover from Porter.

 In a diversity action in this Court, the question whether a substantive right is extant which can be the basis of a third-party claim is governed by Tennessee law. *Dawn v. Essex Conveyors, Inc.*, D.C.Tenn. (1973), 379 F.Supp. 1342, 1344[3], affirmed C.A. 6th (1974), 498 F.2d 921, certiorari denied (1974), 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317. The federal procedural rules do not enlarge any substantive right a proposed third-party plaintiff has under the law of this state. *Fontenot v. Roach*, D.C. Tenn. (1954), 120 F.Supp. 788, 790–791[10], citing *inter alia* 28 U.S.C. § 2072. " * * * The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not

enough. * * * " 6 Wright & Miller, Federal Practice and Procedure 257: Civil § 1446. " * * * Thus, in a diversity case such as this one, joinder of third-party defendants depends on the existence of a state-created liability between the defendant and the third party. *General Dynamics Corp. v. Adams*, 340 F.2d 271 (5th Cir. 1965). * * * " *Murray v. Reliance Insurance Company*, D.C.Minn. (1973), 60 F.R.D. 390, 392[3].

The defendant herein does not set forth the existence of any liability between it and the proposed third-party defendant which has been created by the state of Tennessee. Being unable to discern any substantive right under Tennessee law which would or might render Daubert liable to Porter for all or a part of Mr. Stiles' claim against Porter, the Court hereby DENIES the leave requested by Porter to file the proposed third-party claim.

---

\* The plaintiff conceded that his additional initial claims of negligence and tortious misrepresentation were barred by the applicable statutes of limitation. Memorandum opinion and order herein of April 29, 1976.