**Lawrence JONES**

v.

**Robert SAUNDERS et al.**

**Civ. A. No. 75–1923.**

United States District Court,
E. D. Pennsylvania.

Nov. 18, 1976.

Norman M. Abrams, Philadelphia, Pa., for plaintiff.

Sheldon L. Albert, City Solicitor, Thaddeus J. Bartkowski, Asst. City Solicitor, Philadelphia, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff bases this civil rights action on the allegation that two separate arrests by the defendant Robert Saunders, a Philadelphia police officer, were without probable cause. One arrest was in February, 1975 and the other on May 12, 1975. Defendants have moved for summary judgment as to

the claim arising from the May 12 arrest.[1] The motion will be denied.

In the state court, Jones filed a motion to suppress, alleging, *inter alia*, that his arrest was illegal. The motion was heard by the state judge and denied. At his subsequent trial, there was a directed verdict of not guilty. Defendants now contend that because the state judge denied the motion to suppress, Jones is collaterally estopped in this civil rights claim. In support of their position, defendants cite a number of cases in which collateral estoppel has been applied by a federal court following a state court conviction. That, however, is not this case. A conviction is a final judgment. An order denying a motion to suppress is not; it is interlocutory. An acquitted defendant never has the opportunity to test finally in the state court the propriety of the lower court's ruling. A convicted defendant does. To hold that the former is estopped would deprive a plaintiff of an opportunity for a definitive determination of important federal rights for the vindication of which the Civil Rights Act were specifically designed. *See Ney v. State of California*, 439 F.2d 1285, 1288 (9th Cir. 1971) (successful state prosecution no bar).

There may be some doubt as to whether even a state conviction bars a subsequent federal civil rights claim, *see Ney, supra; Kauffman v. Moss*, 420 F.2d 1270 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968), and we can conceive of a variety of situations where it may not. However, that is not our case and we express no views on the question. What we have here is a plaintiff who asserts a violation of his constitutional rights, who has had no final determination of his claim and who has no avenue available to him for such determination except a federal court. We hold here, under these circumstances, that he is not barred from the assertion of his rights by notions of collateral estoppel.

---

1. In their brief in support of the motion, defendants state: "If there is a transcript as to the February 5 arrest, it will be provided to the Court and this Motion will be repeated."