**Robert L. GLOVER**

v.

**Theodore HUNSICKER, et al.**

**Civ. A. No. 83–5622.**

United States District Court,
E.D. Pennsylvania.

March 12, 1985.

H. David Spirt, Blue Bell, for plaintiff.

Maria Parisi Vickers, Senior Deputy Atty. Gen., Commonwealth of Pa., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Robert L. Glover, Sr. has brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants, Pennsylvania State Police Troopers Steven Furlong and Thomas M. Bowman, and the Chief of Police and Security at the Norristown State Hospital, Theodore Hunsicker, violated plaintiff's constitutional rights by conspiring to cause: (1) an illegal search of plaintiff's house; (2) an unlawful seizure of plaintiff's property, which plaintiff has not yet recovered; and (3) an arrest without probable cause.

The record in this case shows that the plaintiff was arrested and charged with theft of state property from Norristown State Hospital following a search and seizure conducted at his house by the defendants on November 19, 1981. On May 18, 1982, a suppression hearing was held before the Court of Common Pleas of Montgomery County, Pennsylvania. The court found that the arrest and the search and seizure which occurred on November 19, 1981 were lawful. However, for reasons unrelated to the legality of the search and seizure, the court dismissed the criminal charges against Mr. Glover.

Presently before this Court is a motion by the defendants for summary judgment. The defendants contend that as a result of the state court's denial of Mr. Glover's motion to suppress (which raised the same issues as are involved in this litigation), the plaintiff is collaterally estopped from relitigating those issues in this lawsuit. For reasons hereinafter discussed, defendants' motion for summary judgment will be denied.

In *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the United

States Supreme Court held that state court judgments in both civil and criminal actions are to be accorded collateral estoppel effect in § 1983 actions brought in federal court. However, the Supreme Court stated that collateral estoppel cannot be used to bar litigation "where the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court." *McCurry*, 449 U.S. at 101, 101 S.Ct. at 418. The question before this Court is whether the plaintiff in this case obtained a "full and fair opportunity" in the state court proceedings to litigate the legality of the search and seizure at his house and the legality of his arrest, in view of the fact that the criminal charges against him ultimately were dismissed.

In *Jones v. Saunders,* 422 F.Supp. 1054 (E.D.Pa.1976), the collateral estoppel issue was raised in a § 1983 action alleging that certain arrests were made without probable cause. In that case the state proceedings included a state judge's denial of a suppression motion regarding the legality of the arrests and a subsequent directed verdict of not guilty. In denying collateral estoppel effect to the state judge's decision in the suppression hearing, then Chief Judge Lord of this Court stated:

A conviction is a final judgment. An order denying a motion to suppress is not; it is interlocutory. An acquitted defendant never has the opportunity to test finally in the state court the propriety of the lower court's ruling. A convicted defendant does. To hold that the former is estopped would deprive a plaintiff of an opportunity for a definitive determination of important federal rights for the vindication of which the Civil Rights Act [was] specifically designed.... What we have here is a plaintiff who asserts a violation of his constitutional rights, who has had no final determination of his claim and who has no avenue available to him for such determination except a federal court. We hold here, under these circumstances, that he is not barred from the assertion

of his rights by notions of collateral estoppel.

*Jones v. Saunders*, 422 F.Supp. at 1055. *See also Whitley v. Seibel,* 676 F.2d 245, 250 (7th Cir.1982) ("We doubt that collateral estoppel would ever be appropriate solely on the basis of a preliminary hearing [from which no appeal was available]").

The case before this Court is analogous to *Jones v. Saunders* in that the criminal charges against the plaintiff in this case ultimately were dismissed, thereby foreclosing any opportunity to appeal the adverse determination reached in the suppression hearing. It appears that the Seventh Circuit case of *Guenther v. Holmgren,* 738 F.2d 879 (7th Cir.1984), is the only federal decision applying collateral estoppel in a § 1983 action based on findings in a state court preliminary hearing which subsequently was followed by an acquittal or dismissal of all criminal charges. However, *Guenther* is readily distinguishable from the present case because, as the *Guenther* court observed, in accordance with Wisconsin criminal procedure the plaintiff in *Guenther* could have sought an interlocutory appeal of the state court's probable cause determination. *Guenther,* 738 F.2d at 886. In contrast, Pennsylvania law did not afford the plaintiff in the present case a right to an interlocutory appeal of the state court's denial of his motion to suppress. Thus the plaintiff in this case never was able to seek appellate review of the state court judge's adverse determination of the issues raised in the suppression hearing. Under these circumstances, this Court has determined that the plaintiff was not afforded a "full and fair opportunity" to litigate the issues raised in this civil rights action, and that collateral estoppel cannot be applied to bar the assertion of the plaintiff's constitutional rights in this Court. Accordingly, the defendants' motion for summary judgment will be denied.